IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>JOHN RIFE,<br><br>       Defendant. | 1:15-cr-00367-WSD-2 |

**OPINION AND ORDER**

This matter is before the Court on Defendant John Rife's ("Defendant") Motion for Leave to File and Maintain Under Seal [265] ("Motion to Seal") Defendant's Motion for Downward Departure and Variance [263] ("Departure Motion"). Defendant requests a wholesale sealing of Defendant's Departure Motion, including material which is not sensitive or confidential. Significant portions of the information in the Departure Motion were discussed at Defendant's January 13, 2017, public sentencing hearing [273].

Under federal common law, there is a presumption that judicial records are public documents. See Nixon v. Warner Commun., Inc., 435 U.S. 589, 597 (1978); Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001). The public's common-law right of access is not absolute, however, and

"may be overcome by a showing of good cause." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007).  "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question."  Id. at 1246 (quoting Chicago Tribune, 263 F.3d at 1315).  Courts deciding whether to seal documents must balance "the public interest in accessing court documents against a party's interest in keeping the information confidential."  Id.  In balancing these interests, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."  Id.

    Based on the authority in our circuit,

    **IT IS HEREBY ORDERED** that the Defendant shall, on or before February 4, 2017, highlight on the Departure Motion [263] and its exhibits what information he contends would be damaging or have some other significant adverse effect on Defendant and explain why disclosure would have an adverse impact.  This document should be delivered to the Court for in camera review.

**SO ORDERED** this 26th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE