**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                        **1:15-cr-00367-WSD-2**

**JOHN RIFE,**

                               **Defendant.**

---

## OPINION AND ORDER

This matter is before the Court on Defendant John Rife's ("Defendant")

Motion for Leave to File and Maintain Under Seal [265] ("Motion" or "Motion to

Seal").

## I.      BACKGROUND

On January 6, 2017, Defendant filed, under seal, his Motion for Downward

Departure and Variance [263] ("Departure Motion").  The same day, Defendant

filed his Motion to Seal requesting that his Departure Motion, and all attachments

thereto, be maintained under seal on the docket.  Defendant argues that sealing is

necessary because the Motion and attachments "contain sensitive medical

information."  (Mot. at 2).

On January 11, 2017, the Government filed, under seal, its Response in

Opposition to the Departure Motion [269] ("Response").

On January 13, 2017, the Court conducted Defendant's sentencing hearing. ([273]).  At it, Defendant presented witnesses Dr. Keith Dockery, Defendant's otolaryngologist, and Ree Rife, Defendant's wife.  Both witnesses presented detailed testimony, in open court, regarding Defendant's cancer, medical treatments, and his physical condition.  Defendant's counsel, William D. Dillon, also provided argument that discussed Defendant's medical condition.

On January 26, 2017, the Court directed Defendant to supplement his Motion to Seal:

> Defendant shall, on or before February 4, 2017, highlight on the Departure Motion [263] and its exhibits what information he contends would be damaging or have some other significant adverse effect on Defendant and explain why disclosure would have an adverse impact. This document should be delivered to the Court for in camera review.

([288] at 2).  Defendant submitted the required material by the deadline.

On February 14, 2017, the Court directed Defendant's counsel to compare the transcript of Defendant's sentencing hearing to the highlighted documents. The Court notified counsel that any information in the Departure Motion or attachments, that was also discussed at the sentencing hearing, should not be sealed on the docket.

On February 27, 2017, Defendant's counsel advised the Court that, upon his review of the Departure Motion and the transcript of the sentencing hearing [303],

he had no objection to the unsealing of the Departure Motion.  Defendant's counsel requested that "Attachments 1, 2, 3, and 4 [to the Departure Motion] remain UNDER SEAL because those documents disclose Personally Identifiable Information and/or information that is protected under HIPPA."  (February 27, 2017, Attorney Dillon's email to the Court ("February 27th Email").  Defendant's counsel did not request that Attachments 5, 6, 7, 8, and 9 remain under seal.[1]

## II.     DISCUSSION

### A.     Legal Standard

Under federal common law, there is a presumption that judicial records are public documents.  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001).  The public's common-law right of access is not absolute, however, and "may be overcome by a showing of good cause."  Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007).  "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question."  Id. at 1246 (quoting Chicago Tribune, 263 F.3d at 1315).  Courts deciding whether to seal documents must balance "the public interest in accessing court documents against a party's

---

[1]     The Court considers the Motion to Seal as withdrawn as to the Departure Motion and Attachments 5, 6, 7, 8, and 9.

interest in keeping the information confidential."  Id.  In balancing these interests, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."  Id.

B.    Analysis

The Court has reviewed Attachments 1, 2, 3, and 4 to the Departure Motion and the Government's Response to the Departure Motion.  The Court finds that Defendant has shown good cause for the sealing of certain information in Attachments 1 through 3.[2]  The Court finds that Attachment 4, which is a flash drive containing a homemade video, does not contain information that overcomes the public's right of access.  Romero, 480 F.3d at 1245.  Attachment 4 is required to be unsealed.  The Court identifies, in a document the Court will send *ex parte* to Defendant's counsel, those portions of Attachments 1 through 3 that are allowed to

---

[2]    The Government's Response references confidential information found in Attachment 2 to the Departure Motion.  The Court finds that this information in the Government's Response shall remain under seal.

remain under seal.  The material permitted to be redacted is highlighted in green.
Defendant is required to file, on or before March 10, 2017, a redacted version of
Attachments 1, 2, and 3, consistent with the Court's findings.[3]  The Departure
Motion and all other attachments will be unsealed.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant John Rife's Motion for Leave
to File and Maintain Under Seal [265] is **WITHDRAWN IN PART**, **GRANTED
IN PART**, and **DENIED IN PART**.  The Motion is **WITHDRAWN** with respect
to the Motion for Downward Departure and Variance [263].  The Motion is
**GRANTED** with respect to Attachment 1 [263.10], Attachment 2 [263.11], and
Attachment 3 [263.12].  The Motion is **DENIED** with respect to Attachment 4
[263.4].

**IT IS FURTHER ORDERED** that Defendant shall file, on or before
March 10, 2017, a redacted version of Attachments 1, 2, and 3, consistent with the
Court's findings.

---

[3]      The Court will send to the Government a highlighted version of its Response
to the Departure Motion.  The Government shall file, on or before March 10, 2017,
the redacted version of its Response consistent with the Court's findings.

**IT IS FURTHER ORDERED** that the Government shall file, on or before March 10, 2017, a redacted version of its Response in Opposition to the Departure Motion [269], consistent with the Court's findings.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to **UNSEAL** on the docket the documents at [263], [263.1], [263.2], [263.3], [263.4], [263.5], [263.6], [263.7], [263.8], and [263.9].

**SO ORDERED** this 6th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE